IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0127** |
| | ) | **Electronically Filed** |
| VANDELL THOMAS PAGE | ) | |

**Order Denying Motion to Withdraw Guilty Plea**

On the eve of sentencing, defendant filed a pro se motion to withdraw his guilty plea (doc. no. 77) entered on May 7, 2007, alleging that previous counsel "promised Mr. Page that he could get him two years or probation at the least" and coerced him to plead guilty or he (former counsel) would withhold services. Motion to Withdraw at ¶ 5. The thorough and comprehensive colloquy conducted with defendant belie his assertions, and the Court will deny the motion to withdraw.

It is not a simple matter to withdraw a guilty plea rendered in a somber and sober courtroom, after full and complete colloquy to ascertain the defendant's understanding and ability to comprehend the proceedings, especially after he admits his guilt and the conduct leading to the charges, under oath, as Mr. Page has done in this case.

The United States Court of Appeals for the Third Circuit summarized the standards for permitting withdrawal of a guilty plea in the Third Circuit, as follows:

> "If a motion for withdrawal of a plea of guilty or nolo contendere is made before a sentence is imposed . . . the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." *United States v. Martinez*, 785 F.2d 111, 114 (3d Cir. 1986). This court has held that withdrawal of a guilty plea is not an absolute right. See, e.g., *United States v. Brown,* 250 F.3d 811 (3d Cir. 2001); *United States v. Martinez*, 785 F.2d 111 (3d Cir. 1986). We must look primarily to three factors in evaluating a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States. v. Jones*, 336 F.3d 245,

252 (3d Cir. 2003). We review a district court's decision to deny a motion for withdrawal of a guilty plea for abuse of discretion. *Brown*, 250 F.3d at 815.

*United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). See also Fed.R.Crim.P. 11(d).

Not only has defendant not asserted his innocence, he also was fully advised of his maximum sentence by this Court, advised that the Court was not bound by any promises or suggestions about his sentence by counsel for the government or for defendant, that the Court could not decide an appropriate sentence until the Probation Office had completed its investigation and submitted a report, asked if anyone had made any promises of threatened or coerced him in any way, to which he responded in the negative, and asked if he had testified truthfully in all respects. Many other questions were posed to defendant to ensure his understanding of the plea and the consequences of pleading guilty.

The Court was confident then, and remains confident today, that defendant understood full well that the Court could sentence him to a term of imprisonment of not more than ten (10) years, unless he had three or more previous convictions for violent felonies or serious drug offenses or both, in which case he was advised that his sentence of imprisonment would be a minimum of 15 years up to a maximum of life. The Presentence Investigation Report stated the Probation Office's determination that defendant was an armed career criminal for purposes of 18 U.S.C. § 924(e)(1), and defendant did not object to the determination, which triggers the 15 year mandatory minimum sentence.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Withdraw Guilty Plea (doc. no. 77) is DENIED.

<pre>
                                        s/ Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge
</pre>

cc:    All counsel of record

United States Marshal Office
United States Probation Office